UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Bridgeport Division

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| ELIZABETH P. CONRAD | : CASE NO. 16-50740 |
|     DEBTOR | |
| | |
| U.S. BANK NATIONAL ASSOCIATION, | |
| AS TRUSTEE, FOR RESIDENTIAL ASSET | |
| SECURITIES CORPORATION, HOME | |
| EQUITY MORTGAGE ASSET-BACKED | |
| PASS-THROUGH CERTIFICATES, | |
| SERIES 2006-EMX8 | |
|     MOVANT | |
| | |
| VS. | |
| | |
| ELIZABETH P. CONRAD | |
|     DEBTOR | |
| MOLLY T WHITON | : August 12, 2016 |
|     TRUSTEE | |
|     RESPONDENTS | |

**NOTICE OF CONTESTED MATTER RESPONSE DEADLINE CERTIFICATION**

    The undersigned hereby certifies that on the August 12, 2016, in accordance with applicable law, I served the following documents upon the entities listed below (constituting all entities entitled to notice):

    (1) a copy of the pleading initiating the contested matter, specifically: Motion for Relief from Stay;

    (2) a copy of the Proposed Order associated therewith; and

    (3) a Notice of Contested Matter Response Deadline

Elizabeth P. Conrad
58 Weed Hill Avenue
Stamford, CT 06907
(Pro Se Debtor)

Molly T. Whiton
10 Columbus Blvd.
Hartford, CT 06106
(Trustee)

File: 002312B01

Office of the U.S. Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510
(U.S. Trustee)

                           U.S. BANK NATIONAL ASSOCIATION, AS
                           TRUSTEE, FOR RESIDENTIAL ASSET
                           SECURITIES CORPORATION, HOME
                           EQUITY MORTGAGE ASSET-BACKED
                           PASS-THROUGH CERTIFICATES, SERIES
                           2006-EMX8


                           By:_____
                           Linda J. St. Pierre, Esq.
                           Hunt Leibert Jacobson, P.C.
                           50 Weston Street
                           Hartford, CT 06120
                           Federal Bar No. CT 22287

PURSUANT TO FEDERAL LAW, THIS LAW FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT THE DEBT AGAINST YOU PERSONALLY, BUT IS NOTICE OF A POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY.

File: 002312B01

HUNT LEIBERT JACOBSON, P.C. ● ATTORNEYS AT LAW
50 WESTON STREET ● HARTFORD, CONNECTICUT 06120 ● (860) 808-0606 ● JURIS NO. 101589

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Bridgeport Division

| | |
|---|---|
| IN RE:<br>ELIZABETH P. CONRAD<br>    DEBTOR | : CHAPTER 13<br>: CASE NO. 16-50740 |
| U.S. BANK NATIONAL ASSOCIATION,<br>AS TRUSTEE, FOR RESIDENTIAL ASSET<br>SECURITIES CORPORATION, HOME<br>EQUITY MORTGAGE ASSET-BACKED<br>PASS-THROUGH CERTIFICATES,<br>SERIES 2006-EMX8<br>    MOVANT | |
| VS. | |
| ELIZABETH P. CONRAD<br>    DEBTOR<br>MOLLY T WHITON<br>    TRUSTEE<br>    RESPONDENTS | : August 12, 2016 |

### MOTION FOR RELIEF FROM STAY, IN REM ORDER AND RELATED EQUITABLE RELIEF

The Movant, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-EMX8 a secured creditor of the above named Debtor Elizabeth P. Conrad ("Debtor"), by and through its undersigned attorneys, pursuant to 11 U.S.C. Section 105 and 362 requests an *in rem* Order and related equitable relief enter, and as grounds therefore respectfully represents the following to the Court:

1.   The Debtor, Elizabeth P. Conrad, has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of

File: 002312B01

HUNT LEIBERT JACOBSON, P.C. ● ATTORNEYS AT LAW
50 WESTON STREET    ●    HARTFORD, CONNECTICUT 06120    ●    (860) 808-0606    ●    JURIS NO. 101589

$460,000.00 ("Note"). A copy of the Note is attached hereto as Exhibit "A." Movant is an entity entitled to enforce the Note and the Mortgage (defined below).

2. Pursuant to that certain Open-End Mortgage Deed ("Mortgage"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the Mortgage are secured by the Property. A copy of the Mortgage is attached hereto as Exhibit "B."

3. The Mortgage has been assigned to the Movant pursuant to that certain assignment or assignment of mortgages, a copy of which is attached hereto as Exhibit "C".

4. Wells Fargo services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is lifted/set aside, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-EMX8. Said entity, directly or through an agent, has possession of the Note. The Note is either made payable to said entity or has been duly endorsed.

5. The fair market value of the property is $382,000.00 pursuant to the Superior Court's Order dated January 29, 2016, attached hereto as Exhibit "D." The amount of Movant's debt is approximately $869,949.17.

6. There is no equity for the unsecured Creditors of this Estate in the aforesaid property.

7. Upon information and belief no interest or principal payments are being made to Movant by the Debtor. The Debtor is contractually due for April 1, 2008.

File: 002312B01

HUNT LEIBERT JACOBSON, P.C. ● ATTORNEYS AT LAW
50 WESTON STREET ● HARTFORD, CONNECTICUT 06120 ● (860) 808-0606 ● JURIS NO. 101589

8. The Debtor has engaged in serial fillings for the sole purpose of delaying the Movant's foreclosure action.

9. On May 11, 2010, the Debtor filed a Chapter 13 Bankruptcy, Case No. 10-51083. Said bankruptcy case dismissed on June 28, 2010.

10. On September 13, 2010, Debtor filed a Chapter 7 Bankruptcy, Case No. 10-52157. Said bankruptcy case terminated on December 29, 2010.

11. This present Chapter 13 bankruptcy, Case No.16-50740 was filed by the Debtor on June 3, 2016, one day prior to a scheduled foreclosure sale pursuant to a judgment of foreclosure by sale that entered January 29, 2016, *Docket No. FSTCV085008432S; U.S. BANK NATIONAL V. CONRAD, ELIZABETH P. ET AL.*

12. As of August 9, 2016, Debtor is contractually due for April 1, 2008.

13. The amount of the unpaid Principal Balance as of August 9, 2016 is approximately $457,820.63.

14. The Movant is entitled pursuant to 11 U.S.C. § 362(d)(1) to relief from automatic stay, for cause, including lack of adequate protection of its interest in the subject property.

15. The Movant is entitled to in rem relief from the automatic stay pursuant to 11 USC Section 362(d)(4) for the following reasons:

    a. The loan is contractually due for April 1, 2008.

Upon information and belief, the Borrower, in an effort to delay, hinder or defraud the Movant had previously and similarly filed bankruptcy petitions immediately prior to scheduled foreclosure sale dates.

File: 002312B01

HUNT LEIBERT JACOBSON, P.C. • ATTORNEYS AT LAW
50 WESTON STREET • HARTFORD, CONNECTICUT 06120 • (860) 808-0606 • JURIS NO. 101589

16. As a result of the prior bankruptcies filed by the Debtor, which were dismissed, the Creditor seeks in rem relief so that that any petition filed by or against the Debtor individually or jointly or by any insider of the Debtor, see 11 U.S. C. § 101(31), or other person with an interest in the Property, prior to the completion of the Movant's efforts to enforce its rights concerning the Property and all appeals related thereto, shall not operate as a stay (or trigger a stay) under Bankruptcy Code Section 362(a) as to the Property, provided, that any such prospective debtor, may seek on an expedited basis an order of the undersigned judge, or the judge assigned the newly filed bankruptcy case, relieving them from the prejudice of this paragraph. Such prospective debtor's request for such relief shall be by written motion properly noticed and served upon the Movant and/or its successors(s) and assigns, accompanied by (i) a copy of this Court's Order Granting Relief from the Automatic Stay and (ii) an affidavit attesting that they are not, directly or indirectly, associated with the Debtor except to the extent of being a good faith transferee with regard to the Property, setting forth with the particularity the status of the Movant's foreclosure or eviction efforts as to the Property, and particularizing and attesting that there are new and exceptional circumstances warranting application of Section 362(a) to the Property in the newly filed case notwithstanding this order. In the alternative, the Movant seeks relief from the current automatic stay and prospective relief as to any future bankruptcy stay as a result of any bankruptcy filing by this Debtor. In the alternative, the Movant requests relief from the automatic stay in this bankruptcy case.

17. The Movant also requests that this court order that Bankruptcy Rule 4001(a)(3) is not applicable so that Movant may immediately enforce and implement the requested order modifying the stay.

File: 002312B01

HUNT LEIBERT JACOBSON, P.C. • ATTORNEYS AT LAW
50 WESTON STREET    •    HARTFORD, CONNECTICUT 06120    •    (860) 808-0606    •    JURIS NO. 101589

18. The Movant also requests that, to the extent that there exists a co-debtor stay under 11 U.S.C. §1301(a), the Movant requests that the same be modified by allowing Movant to enforce its interest in the Vehicle against the co-debtor.

19. The Movant also requests an order allowing Movant to assess the Debtor's account with reasonable attorney's fees in connection with the preparation, filing, and prosecution of this Motion for Relief from Stay. Said note and mortgage identified in Paragraphs 1 and 2 above contain provisions allowing the Movant to collect reasonable attorney's fees and costs in connection with enforcing the note and mortgage. If the Debtor received a Chapter 7 discharge after Movant's loan was originated, such fees and costs shall be non-recourse against the Debtor unless Movant's debt was included in a reaffirmation agreement.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the automatic stay pursuant to 11 U.S.C. §362(d)(4) allowing Movant, its successors or assign, to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3. Further, to the extent that there exists a co-debtor stay under 11 U.S.C.

File: 002312B01

HUNT LEIBERT JACOBSON, P.C. • ATTORNEYS AT LAW
50 WESTON STREET • HARTFORD, CONNECTICUT 06120 • (860) 808-0606 • JURIS NO. 101589

§1301(a), the Movant requests that the same be modified by allowing Movant to enforce its interest in the Vehicle against the co-debtor.

Dated at Hartford, Connecticut this 12th day of August, 2016.

           U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-EMX8

By:_____
Linda J. St. Pierre, Esq.
Hunt Leibert Jacobson, P.C.
50 Weston Street
Hartford, CT 06120
Federal Bar No. CT 22287

PURSUANT TO FEDERAL LAW, THIS LAW FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT THE DEBT AGAINST YOU PERSONALLY, BUT IS NOTICE OF A POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY.

File: 002312B01

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Bridgeport Division

ELIZABETH P. CONRAD                  : CHAPTER 13
    DEBTOR                            : CASE NO. 16-50740

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE, FOR RESIDENTIAL ASSET
SECURITIES CORPORATION, HOME
EQUITY MORTGAGE ASSET-BACKED
PASS-THROUGH CERTIFICATES,
SERIES 2006-EMX8
    MOVANT

VS.

ELIZABETH P. CONRAD, DEBTOR
MOLLY T WHITON, TRUSTEE            : AUGUST 12, 2016
    RESPONDENTS

**ORDER GRANTING U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-EMX8 MOTION FOR EQUITABLE RELIEF AND IN REM ORDER**

The Motion for Relief from Automatic Stay in the above entitled matter having come before the court, it is hereby ORDERED:

1. That the Automatic Stay in the above-captioned case be modified to permit U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-through Certificates, Series 2006-EMX8 and/or its successors and assigns to commence and/or continue and prosecute to judgment a foreclosure action and exercise its legal rights in the real property known as **58 Weed Hill Ave, Stamford, CT 06907-1523**, in accordance with state law. No deficiency judgment shall be enforced without further order from this court.

2. That Debtor shall be barred from filing any petitions for relief under Title 11 for 2 years.

3. That the Debtor is enjoined from transferring in any way any interest in the real property known as **58 Weed Hill Ave, Stamford, CT 06907-1523** for a period of 2 years.

4. This Order shall be binding on the Debtor and the record owners of the property for a period of 2 years. The Order shall be binding on and in any subsequent Title 11 filings by any owner/occupant of the property such that the stay shall remain lifted until the foreclosure action is complete. The Order shall be recorded on the Stamford Land Records. Notice shall be given to such Connecticut state court or judicial authority conducting the foreclosure sale. Any successors or assigns to the property, by deed, mortgage, lien or any other recorded instrument shall take such interest subject to this Order.

File: 002312B01

HUNT LEIBERT JACOBSON, P.C. ● ATTORNEYS AT LAW
50 WESTON STREET ● HARTFORD, CONNECTICUT 06120 ● (860) 808-0606 ● JURIS NO. 101589

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### Bridgeport Division

| | |
|---|---|
| IN RE:<br>ELIZABETH P. CONRAD<br>    DEBTOR | : CHAPTER 13<br>: CASE NO. 16-50740 |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-EMX8<br>    MOVANT | |
| VS. | |
| ELIZABETH P. CONRAD<br>    DEBTOR<br>MOLLY T WHITON<br>    TRUSTEE<br>    RESPONDENTS | : August 12, 2016 |

### NOTICE OF CONTESTED MATTER RESPONSE DEADLINE

Wells Fargo Bank, N.A., (the "Movant") has filed a Motion for Relief from Automatic Stay, (the "Contested Matter") in the above-captioned case. Notice is hereby given that any response to the Contested Matter must be filed with the Court no later than 8/26/2016.

File: 002312B01

In the absence of a timely filed response, the proposed order in the Contested Matter may enter without further notice and hearing, see, 11 U.S.C. section 102(1).

                                    U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-EMX8

By: _____
Linda J. St. Pierre, Esq.
Hunt Leibert Jacobson, P.C.
50 Weston Street
Hartford, CT 06120
Federal Bar No. CT 22287

PURSUANT TO FEDERAL LAW, THIS LAW FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT THE DEBT AGAINST YOU PERSONALLY, BUT IS NOTICE OF A POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY.

File: 002312B01